**James MOORE, Plaintiff,**

v.

**Donald L. CUSTIS, et al., Defendants.**

**No. 82–4335–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

June 2, 1983.

Michael P. Riley, Carson, Monaco, Coil, Riley & McMillin, P.C., Jefferson City, Mo., for plaintiff.

Larry Coleman, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

The plaintiff, who is employed as a dentist and oral surgeon by the Veterans Administration ("V.A.") Hospital of Columbia, Missouri, seeks judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, of his employer's disciplinary decision to demote and transfer him. A stipulated record, lengthy briefs and oral arguments have been presented to the Court. The parties agreed at oral argument to submit this case only on the narrow issue of whether the V.A.'s disciplinary action withstands the strictures of 5 U.S.C. § 706(2)(A) and (C). Section 706 provides that the disciplinary action should stand unless it was arbitrary, capricious or an abuse of discretion, or was taken in excess of statutory authority. For the reasons which follow, the Court finds that the disciplinary decision to transfer the plaintiff was arbitrary and capricious, and was made in excess of statutory authority.

### I.  FINDINGS OF FACT

1. The plaintiff is a dentist employed by the Veterans Administration in Columbia, Missouri as the Chief of Dental Services. Donald Custis is the Chief Medical Officer of the United States Veterans Administration. Joseph Kurzejeski is the Administrator of the Veterans Administration Hospital in Columbia, Missouri.

2. On June 3, 1981, the plaintiff was informed that, based on charges brought by

two professional employees, he might be removed from the position of Chief of Dental Services and might be prohibited from practicing dentistry at the V.A. Hospital in Columbia, Missouri. An investigative panel was appointed to inquire into the charges. The panel filed a report on July 17, 1981. Following the report, the Associate Deputy Chief Medical Director proposed in a November 5, 1981 letter that the plaintiff be demoted as the Chief of Dental Services and be reassigned as a Staff Dentist. Seven charges were officially presented to the plaintiff. The plaintiff requested a formal disciplinary hearing.

3. A three-day hearing was commenced by a three-member disciplinary board on January 26, 1982. The disciplinary board sustained four of the seven charges. It found that the plaintiff had used disrespectful and insulting language, had taken lunch breaks in excess of the allotted 30-minute period, had favored subordinates disproportionately, and had been assisted by a subordinate in a personal family matter. The board recommended that the plaintiff be demoted as the Chief of Dental Services and be reassigned as a Staff Dentist. In addition, the board considered the appropriateness of a transfer of the plaintiff, but found that a transfer was "too severe" in light of the nature of the charges which were sustained.

4. The Chief Medical Director reviewed the findings of the disciplinary board, and ordered a demotion and transfer. That order was affirmed by the Administrator. The transfer was ordered to take place no sooner than October 31, 1982. When a transfer was ordered by the V.A., the plaintiff sought declaratory and injunctive relief in this Court on November 23, 1982. The defendants voluntarily stayed the transfer pending the completion of discovery and the ultimate submission of the case on a stipulated record. In May of 1983 a staff dentist position became vacant in Denver, Colorado. The defendants ordered the plaintiff transferred to Denver by May 15, 1983. A temporary restraining order was issued by the Court in order to permit the parties to complete the stipulated record. When the Court was notified that the record was complete, it agreed to publish a ruling within seven days.

5. The defendants stated at oral argument that the plaintiff is a competent dentist and oral surgeon. The plaintiff stated that the V.A. could transfer the plaintiff for non-disciplinary reasons.

## II. CONCLUSIONS OF LAW

■ The Court is asked to review the disciplinary decision of the Administrator to demote and transfer the plaintiff. *See* 5 U.S.C. § 706. In reviewing the administrative record in existence, *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973), the Court is not empowered to substitute its judgment for that of the Administrator unless the Administrator's judgment has violated the strictures of Section 706. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 413–14, 91 S.Ct. 814, 822–23, 28 L.Ed.2d 136 (1971). The plaintiff challenges the Administrator's disciplinary decision under two subsections of Section 706. 5 U.S.C. § 706(2)(A) and (C). Each challenge is considered in turn.

–A–

■ Under Section 706(2)(A), the Administrator's disciplinary decision must stand unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Under the circumstances of this case, the Administrator's decision does not withstand this test. Though the Court does not condone the plaintiff's conduct, it is clear that the Administrator has taken extreme action in light of the minor nature of the charges sustained against the plaintiff. Some of the charges levied against the plaintiff were based on conduct which occurred many years prior to the filing of any formal charges. The plaintiff was never reprimanded or admonished when the conduct actually took place.

The Deputy Chief Medical Director and the three-member disciplinary board recommended that the plaintiff be demoted from his leadership position as the Chief of Den-

tal Services. Their recommendation was well-founded since the administrative record demonstrates that the plaintiff is a competent dentist but a less-than-able leader. The disciplinary board expressly counseled against a transfer. It considered a transfer "too severe" in light of the circumstances. The Court, however, only finds the decision to transfer in violation of Section 706(2)(A). The decision to demote, which was not challenged by the plaintiff during oral argument, was proper under the Section.

–B–

■ In addition, the Administrator's disciplinary decision to transfer the plaintiff violates Section 706(2)(C). The statutory authority of the Administrator to impose discipline is set out, in part, in 38 U.S.C. § 4110(d). That section provides as follows:

> (d) A disciplinary board, when in its judgment charges are sustained, shall recommend to the Administrator suitable disciplinary action, *within limitations prescribed by the Administrator,* which shall include reprimand, suspension without pay, reduction in grade, and discharge from the Department of Medicine and Surgery of such person. The Administrator shall either approve the recommendation of the board, approve such recommendation with modification or exception, approve such recommendation and suspend further action at the time, or disapprove such recommendation. He shall cause to be executed such action as he approves. The decision of the Administrator shall be final.

38 U.S.C. § 4110(d) (emphasis supplied).

The statute clearly states that the disciplinary board's recommendations are bound by the limits prescribed by the Administrator. The V.A. has prescribed five types of disciplinary action. They are, in order of severity, admonishment, reprimand, suspension, demotion and discharge. *See* 8A(4)(b)(1)–(5) of the V.A. disciplinary regulations. This prescription includes "suspension" which was not expressly listed in the statute. While the V.A. might have prescribed a "transfer" as an appropriate disciplinary action, it did not. And though the Administrator is not required to accept the recommendations of the disciplinary board, any modifications must be consistent with the limitations that have been prescribed.

The defendants assert that *Gilbert v. Johnson,* 601 F.2d 761 (5th Cir.1979) permits them to order types of disciplinary action outside of the limits prescribed by the Administrator. Though that may be an appropriate reading of the *Gilbert* opinion, the *Gilbert* court simply failed to consider all of the language in Section 4110(d). The Court ignored the language of the statute which bound the types of disciplinary action available to the defendants to those prescribed by the Administrator. For that reason, the Court considers the *Gilbert* construction of Section 4110(d) flawed and nonbinding on courts of the Eighth Circuit.

Accordingly, it is hereby

ORDERED that the defendants are permanently enjoined from transferring the plaintiff on the basis of the disciplinary charges sustained by the disciplinary board in this case. It is further

ORDERED that the defendants bear the costs of this action.